IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JENNIFER PARKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-23-41-GLJ |
| | ) |
| **MARTIN O'MALLEY,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Claimant Jennifer Parks was the prevailing party in this action under the Social Security Act. She now seeks an award of attorney's fees in the amount of $10,669.95, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Commissioner agrees that Claimant is entitled to a reasonable fee award, but argues the total fee requested is excessive. For the reasons set forth below, the Court concludes that Claimant should be awarded a reduced amount of $9,620.00 attorney's fees under the EAJA as the prevailing party herein.

Claimant's counsel submitted billing records indicating that she expended 43.95 billable hours on Claimant's appeal before this Court. The Commissioner argues that this is not reasonable.[1] *See, e. g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district

---

[1] The hourly rates sought by the Plaintiff are in line with those prescribed by the Commissioner, *i.e.*, $245/hour in 2023 and 2024, and there is no contention by the Commissioner that they are unreasonable in this case. *See* Docket No. 24, Ex. 3; *Hospice Cntr. of Southeastern Okla., Inc. v. Sebelius*, 2013 WL 2007315, at *1 n.1 (E.D. Okla. May 13, 2013) ("The court takes judicial notice that the office of General Counsel, Region VI of the Social Security Administration has provided

court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.' . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary[.]"). Specifically, the Commissioner takes issue with counsel's billing records for briefing, which consist of 41.3 hours, in addition to the paralegal's billing records, which reflect 2.6 hours were expended largely on clerical tasks.

In support of his objection, the Commissioner noted that the administrative record was relatively small at 757 pages, the substantive issues briefed were not complex, Claimant's counsel was familiar with the facts of this case as she represented Claimant not only in this appeal, but also at the administrative level, and many of the hours billed by the paralegal were for logging into CM/ECF. The Court agrees that a reduction is in order.

In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time, and the total time reflected here is out of that range. *See, e. g.*, *Nave v. Barnhart*, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) ("[T]he typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty[;]" collecting cases). The Court finds nothing in this case to differentiate it from the usual work required in the average case. Claimant raised three common errors on appeal: (i) the ALJ did not properly consider the medical opinions of record, (ii) the ALJ erred in assessing the consistency of Claimant's subjective statements, and (iii) the ALJ's

---

hourly rates consistent with the yearly average CPI-U."). Likewise, the Commissioner does not object to the paralegal's hourly rate of $75/hour.

determination was not supported by substantial evidence. Docket No. 8. Claimant was successful in her argument that the ALJ did not properly evaluate the medical opinions of record and, consequently, her argument that the ALJ's opinion was not supported by substantial evidence. Docket No. 17. Nevertheless, it is still up to the Court to make a determination as to the reasonableness of the total fee request, specifically as to "whether the hours spent representing the Plaintiff were 'reasonably expended.'" *Truelove v. Colvin*, 2014 WL 36750, at *2 (D. Colo. Jan. 6, 2014) (citing *Blum v. Stevenson*, 465 U.S. 886, 901 (1984) and *Hensley*, 461 U.S. at 437). In light of the routine nature of Claimant's arguments, Claimant's counsel's familiarity with the case, and the size of the record, the Court finds 41.3 hours is unreasonable for preparation of the briefing in this case, but a reduction of 20%, or 8.3 hours, for a total of 33 hours for the original briefing, and an overall total of 35.65 hours, is reasonable for the work performed in this case. Of those 35.65 hours, 34.45 hours shall be compensated at the hourly rate of $245 and the remaining 1.2 hours shall be compensated at the 2022 hourly rate of $235. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) ("There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour."). This results in a fee award of $8,722.25 as it pertains to the time billed by Claimant's attorney.

Regarding the fees relating to the paralegal's time, the Court agrees that the time billed for tasks such as logging into CM/ECF, filing and downloading documents, and preparing the civil coversheet and summons are clerical in nature and not compensable. *Villalobos v. Colvin*, 2016 WL 1017929, at *2 (D.N.M. July 12, 2016) ("Although the

EAJA provides for an award of 'fees and expenses . . . incurred by [a] party in any civil action . . . brought by or against the United States[,]' clerical work and overhead expenses are not compensable.") (collecting cases); *Barela v. Astrue*, 2010 WL 11622647, at *2 (finding electronic filing, downloading, to be non-compensable as it is purely clerical work). The Court therefore finds that a reduction of 1.9 hours from 2.60 hours of paralegal time is appropriate, leaving 0.7 hours of compensable paralegal time. This results in a fee award of $52.50, based on an hourly rate of $75.00.

Finally, Claimant requests an additional $1,690.50, for 6.9 hours defending the EAJA fee application. Here the Court finds a reduction of 50% is appropriate. *See Hensley*, 461 U.S. at 440. ("But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). Thus, Claimant should be awarded only an additional $845.25.

In sum, Claimant is to be awarded $9,567.50 for 39.1 hours of attorney time[2] and $52.50 for paralegal fees for .7 hours, resulting in a total award of $9,620.00. Upon review of the record herein, the Court therefore finds that said amount is reasonable and that the Commissioner should be ordered to pay it to Claimant as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246,

---

[2] $8,722.25 for 35.65 attorney hours plus $845.25 for 3.45 attorney hours.

1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Application for Award of Attorney Fees [Docket No. 21] is hereby GRANTED IN PART and DENIED IN PART, and that the Government is hereby ordered to pay attorneys' fees in the amount of $9,620.00 to Claimant as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 22nd day of July, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**